**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS L. JACKSON, | ) | Case No. 1:26-cv-284 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Marcus L. Jackson filed this action, without a lawyer, against the Ohio Department of Rehabilitation and Correction, where he is an inmate, and various of its employees and personnel.  He titles his complaint a "petition for a writ of procedendo." (ECF No. 1, PageID #1.)  Generally, he alleges theft of his property, inmate assault, failure to protect, and use of excessive force, but the facts alleged are sketchy and difficult to make out.  (*Id.*, PageID #3; *see also* ECF No. 1-3.)  In this lawsuit, he seeks relief using the standard for the writ, not a civil action under 42 U.S.C. § 1983.  (ECF No. 1, PageID #4–5.)  But as a remedy, he seeks $14,000, in addition to transfer to another institution, among other things.  (*Id.*, PageID #5–6.)  Throughout his pleading, Mr. Jackson refers to himself as "Relator" and those he sues as "Respondents." (*Id.*, PageID #3–5.)  In a motion for temporary restraining order, Plaintiff seeks a writ of mandamus.  (ECF No. 4.)  He does so again in another motion for an injunction.  (ECF No. 9.)

Issuance of a writ, whether a writ of procedendo or mandamus, represents an extraordinary remedy available only in extreme and unusual cases.  *See, e.g.*, *In re American President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991); *Filmore v. Kalbfleisch*, 286 F.2d 171, 172 (6th Cir. 1961) (mem.).  Generally, such writs require that a petitioner (1) "have no other adequate means to attain the relief he desires"; (2) have a "clear and indisputable" right to the writ; and (3) even then, convince a court that, in the exercise of its discretion, the writ is appropriate under the circumstances.  *Cheney v. U.S. Dist. Ct. for the D.C.*, 542 U.S. 367, 380–81 (2004) (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

Under this standard, Mr. Jackson satisfies no condition for the issuance of a writ of procedendo or mandamus.  First, he has other means to obtain the relief he seeks, such as the prison's administrative processes or a civil action under 42 U.S.C. § 1983 or asserting other causes of action.  Second, he has no clear and indisputable right to any relief, let alone the relief he seeks.  His allegations require proof and will likely be contested in whole or in part.  Nor do the allegations of this lawsuit present an extreme or unusual case for the issuance of a writ.

One final note.  One line of Mr. Jackson's complaint mentions Section 1983.  (ECF No. 1, PageID #1.)  But he captions his pleading a petition for a writ of procedendo and makes no other mention of the statute or what he must plead or prove under it.  Further, his motions for injunctions seek mandamus and do not advance claims or argue the likelihood of success under Section 1983.  Although pleadings and documents filed by *pro se* litigants are "liberally construed" and "however inartfully

2

pleaded, . . . held to a less stringent standard than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to make allegations on their behalf or create claims for them that they have not spelled out in their pleading. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (recognizing that liberal construction for *pro se* litigants does not "abrogate basic pleading essentials"). Liberal construction of Mr. Jackson's pleading and the record as a whole cannot transform his pleading into anything other than a petition for a writ—to which he is not entitled.

For all these reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** to his right to bring a new civil action asserting colorable causes of action. The Court **DENIES AS MOOT** Plaintiff's pending motions. (ECF No. 4; ECF No. 7; ECF No. 8; ECF No. 9.) Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies, that an appeal from this decision could not be taken in good faith.

    **SO ORDERED.**

Dated:  May 14, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio